IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGINA HOFFMAN,

        Plaintiff,                                        CV. 07-321-AS

    v.                                             OPINION AND
                                                       ORDER

SWIFT TRANSPORTATION CO., INC.,
an Arizona Corporation,

                      Defendant.

ASHMANSKAS, Magistrate Judge:

      Defendant Swift Transportation, Co., Inc. ("Defendant"), moves to compel arbitration of an employment dispute filed by former employee Regina Hoffman ("Plaintiff"). Plaintiff filed this action in state court and Defendant timely removed it to federal court. Defendant moves to stay district court proceedings and enforce the contractual arbitration agreement. Defendant also requests that the parties be granted leave to select an arbitrator, if they can reach agreement. If they cannot, Defendant requests the court's assistance in choosing an arbitrator. Plaintiff opposes Defendant's motion on two grounds: (1) Defendant waived its right to compel arbitration under the arbitration

agreement and (2) the arbitration agreement is unenforceable.

## FACTUAL BACKGROUND

Plaintiff was hired by Defendant in July 2004. On July 7, 2004, Plaintiff signed Defendant's Alternative Dispute Resolution Policy. In doing so, she agreed to "be bound by the Alternative Dispute Resolution Policy which provides for final and binding arbitration for all disputes relating to termination of employment," unlawful discrimination and sexual harassment. (Coit Declaration, Exhibit 2.) On May 9, 2005, Plaintiff was terminated by Defendant. Plaintiff filed a complaint in state court on January 22, 2007, alleging workplace discrimination, retaliation, and wrongful discharge by Defendant. Defendant responded by removing the case to federal court on March 5, 2007, and filing its answer on March 12, 2007.

## ARGUMENT

### I.    WAIVER OF THE RIGHT TO COMPEL ARBITRATION

If an agreement to arbitrate is contractual, a party can waive its right to compel arbitration. United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756 (9th Cir. 2002). In order to establish waiver of an arbitration clause, a party "must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). "However, waiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." Van Ness Townhouses v. Mar Industries, Corp., 862 F.2d 754, 758 (9th Cir. 1989). Here, the first prong is easily satisfied. Defendant included a lengthy agreement to arbitrate in its hiring materials which was signed by Plaintiff. Therefore, both parties had knowledge of their right to

compel arbitration and the first prong is satisfied. However, Plaintiff's claim fails to meet the second and third prongs of the test.

Under the second prong, the party asserting its right to compel arbitration must have taken action inconsistent with this right. Although Defendant removed the case to federal court and filed a responsive pleading, these are not actions inconsistent with Defendant's right to compel arbitration. Instead, Defendant had no choice but to respond to the complaint in a manner sufficient to preserve its right to oppose Plaintiff's claims. Under the Federal Rules of Civil Procedure ("federal rules"), an answer must be filed within twenty days of service of the complaint and must include all defenses to the claim, except those specified in Rule 12(b). FED. R. CIV. P. 12(b). Here, all but one of its defenses would have been waived had Defendant not asserted them in its answer. Similarly, Defendant's counterclaim for attorney fees would have been waived. Because the counterclaim arose from the same "transaction or occurrence" that gave rise to the complaint, it was compulsory and had to be included in the answer. In addition, under the federal rules, notice of removal must be filed within thirty days of service and a demand for a jury trial must be made in the responsive pleading. Defendant's actions were necessary to properly preserve its rights in opposition to Plaintiff's claim. That Defendant responded to Plaintiff's complaint in a timely manner is not inconsistent with the right to compel arbitration.

The third prong of the test is not satisfied because Plaintiff did not suffer prejudice sufficient to justify a finding that Defendant waived its right to compel arbitration. A party is typically barred from asserting a right to compel arbitration where litigation is so advanced that the party opposing arbitration would "suffer cognizable prejudice." Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005). However, demonstrating prejudice is no easy task. For example, in Britton, the parties

3 - OPINION AND ORDER                3

had undergone two years of discovery and motion practice and the court did not find prejudice to the party opposing arbitration. It noted: "it was appellees who refused to arbitrate, and the costs they incurred in pursuing litigation should not count against [the appellant]'s effort to avoid litigation." 916 F.2d at 1413. See also Lake Comm., Inc. v. ICC Corp., 738 F.2d 1473, 1477 (9th Cir. 1984), overruled on other grounds by Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc. 473 U.S. 614, 632-35 (1985) (finding no prejudice where party moving to compel arbitration had already engaged in discovery and filed a motion to dismiss). As the Ninth Circuit put it, "[u]nsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration." Brown, 430 F.3d at 1012. Here, Defendant litigated only to the extent that it preserved its rights under the law before moving to compel arbitration. This is entirely consistent with the arbitration agreement. Because Plaintiff initiated litigation, she was in no way prejudiced by Defendant's compulsory response. Accordingly, Defendant's right to compel arbitration was not waived.

## II.    ENFORCEABILITY OF THE ARBITRATION CLAUSE

Plaintiff makes three arguments rooted in the law of contract: (1) that Plaintiff received no consideration for agreeing to waive her right to resolution of claims in a judicial forum; (2) that the contract lacked mutuality of obligation; and (3) that the contract was illusory. Because, in general, state law governs the enforceability of contracts, I will apply Oregon law to these arguments. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995).

First, Plaintiff argues that she received no consideration for agreeing to waive her right to judicial resolution of claims against Defendant. Plaintiff references the facts in Kantor v. Boise

4 - OPINION AND ORDER                    4

Cascade Corp., 75 Or. App. 698, 708 (1985), arguing that because "Defendant's performance under its dispute resolution policy . . . did not become due until *after* her employment with it ended" the arbitration agreement was without consideration. (Plaintiff's Memorandum in Opposition at 6; emphasis in original.) However, Kantor dealt with contract modification and the court held that "[b]ecause there was no evidence the plaintiff continued to perform after discovering the alleged contract modification, the . . . plaintiff had not consented to the modification." (Defendant's Reply at 5.) This concept is inapplicable here because this case does not involve contract modification; rather, it involves a contract term existing at the time the contract was formed. That the arbitration provision is only invoked after the employment relationship has ended does not affect its enforceability. Defendant correctly states that "in exchange for employment, [P]laintiff agreed, among other things, to abide by the terms of the arbitration agreement." Id. The employment contract between Plaintiff and Defendant was supported by mutual consideration.

Second, Plaintiff argues that the employment contract lacked mutuality of obligation. In other words, Defendant was not bound by the agreement to arbitrate claims it might have against Plaintiff. However, a cursory review of the record reveals the opposite. Defendant's Alternative Dispute Resolution Policy states: "The Company has instituted the following procedures as the exclusive remedy for all such disputes between an employee and the Company, and is binding upon both the Company and the employee." (Coit Declaration, Exhibit 3 at 1.) Defendant is bound to arbitrate all claims it has against an employee; it is the exclusive remedy for both parties. See Melton v. Philip Morris, No. 01-35883, 2003 WL 21774035, at *2 (9th Cir. 2003) (Where "the arbitration agreement covers claims against the employee as well . . . the agreement does not fail for want of mutuality of obligation."). Therefore, the employment contract between Plaintiff and

Defendant did not lack mutuality of obligation.

Finally, Plaintiff argues that the agreement to arbitrate is illusory because Defendant has the ability to unilaterally revise the terms in its employee handbook. This argument also fails. To the extent that Plaintiff's employment is at will, Defendant's ability to change its personnel policies does not make the employment contract illusory. Plaintiff is not bound to continue to work under terms not bargained for. In this case, Defendant did not modify the terms of the arbitration agreement. Defendant must abide by the arbitration agreement and any modifications can only be applied prospectively, therefore, the arbitration agreement is not illusory. See Id. (holding that an employer's right to amend the arbitration agreement does not render it illusory because the employer "cannot amend the agreement as to prior disputes"). Defendant's ability to alter its employment policies does not render the employment contract illusory.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration (#10) is GRANTED. The parties are granted leave to select an arbitrator; if they cannot, the court will assist them in their selection.

IT IS SO ORDERED.

Dated this 30th day of November, 2007.

    /s/ Donald C. Ashmanskas
    Donald C. Ashmanskas
    United States Magistrate Judge